PROB 12C
(7/93)

# United States District Court
## for
## District of New Jersey
## AMENDED
## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: James Calvin Jones                                    Cr.: 99-00155-001

Name of Sentencing Judicial Officer: Honorable Katharine S. Hayden (reassigned 3/21/06)

Date of Original Sentence: 08/16/99

Original Offense: Importation of Cocaine

Original Sentence: Imprisonment 74 months followed by a 4-year term of Supervised Release

Type of Supervision: Supervised Release                         Date Supervision Commenced: 02/10/05

Assistant U.S. Attorney: Julia Epstein                                   Defense Attorney: Lisa Mack

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the supervision condition which states '**You shall not commit another federal, state, or local crime.**' |

On December 3, 2006, the offender was arrested by the Irvington Police Department. He was charged with Armed Robbery, Possession of a Weapon, and Possession of a Weapon for Unlawful Purpose.

According to Irvington police reports, the authorities were dispatched to the area of 9 Grace Street on a report of an Armed Robbery in progress. Police were informed that the suspect (later identified as Jones) was dragging the victim down the street. Responding police observed two individuals fleeing in opposite directions, and apprehended Jack Molino. Molino complied with police and advised that he hid a knife in a metal garbage can adjacent to the building. Witness accounts revealed that Molino was the victim of the robbery. Molino reported that he stabbed the suspect in the left eye area in self-defense. Police learned that the suspect drove away in a dark Honda Accord and was traveling towards Beth Israel Hospital. The police drove Molino to the hospital, where he positively identified Jones as the perpetrator.

Upon interviewing the victim, Molino stated that he was contemplating purchasing drugs for his personal use, when Jones approached him and asked him if he wanted some diesel (drugs). When Molino said no to the offer, Jones insisted he would give

him a good price for the drugs. Molino stated he attempted to leave the area, at which time Jones grabbed him by the right side of his jacket. Jones shoved Molino to the ground, and then grabbed him by the right arm and forced him to walk down the street. Molino yelled to people at the corner store that he was being mugged and to call police. Molino was then shoved to the ground, placed in a headlock, and dragged down the street. Molino stated that Jones held a knife to his throat and ordered him to give him money, at which time Molino removed his keys and $75.00 from his jacket and threw some to the ground to distract Jones. When Jones bent down to pick up the keys and money, Molino picked up a black knife that fell from Jones' pocket and he stabbed Jones near the left eye and fled.

Jones was arrested at the hospital, as the stab wound caused bleeding to his brain. According to Jones' girlfriend, Marcella Stewart, the offender remained in the intensive care unit until December 7, 2006, and was then transferred to a regular room. The offender went through detox while in intensive care unit.

On August 3, 2007, the offender was sentenced in Essex County Superior Court to a three year state prison term on an amended charge of Theft by Unlawful Taking offense. The sentence is to run concurrent to the federal parole violation.

2 The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

The offender failed to report as directed on February 14th, March 13th, March 21st, October 24th, November 6th, and December 4, 2006. He failed to submit monthly supervision reports for the months of January, February, March, October, and November 2006.

3 The offender has violated the supervision condition which states '**You shall notify the probation officer within 72 hours of any change of residence or employment.**'

On March 22, 2006, the offender's girlfriend informed our office that Jones had not been living with her for the previous ten-day-period. His whereabouts at that time were unknown.

On October 26, 2006, the offender reported he was living with his girlfriend's brother. Prior to his release from inpatient treatment, he provided a relocation address of 1301 Walter Place, Apt. 1, Newark, NJ. The offender's girlfriend, Marcella Stewart, confirmed they were living at 32 N. 12th Street, Newark, NJ. Ms. Stewart stated they were not living at the Walter Place address they previously reported to our office.

PROB 12C - Page 3
James Calvin Jones

| | |
|---|---|
| 4 | The offender has violated the supervision condition which states '**You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**' |

The offender failed to refrain from the use of illegal substances as evidenced by positive test results for morphine on April 5, 2005, February 10, 2006, and February 15, 2006. Additionally, on October 26, 2006, Jones admitted to using heroin two days prior and he signed the Admission of Drug Use form.

| | |
|---|---|
| 5 | The offender has violated the supervision condition which states '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**' |

The offender failed to adhere to outpatient treatment recommendations at Catholic Community Services; in addition, he refused to go to inpatient treatment at Integrity program.

The offender failed to report to probation on March 13, 2006 to finalize detoxification and inpatient treatment referral to Integrity House.

On October 6, 2006, the offender successfully completed residential treatment at the Institute for Human Development. The offender was referred for aftercare services at Integrity outpatient services in Newark, NJ. He failed to adhere to outpatient counseling recommendations and the random urine testing program. The offender verbally admitted to relapsing to heroin use, however, he refused to sign an admission of drug use form and failed to attend treatment as directed. A new plan for a referral for intensive outpatient treatment and a relocation back to Atlantic City area was developed by the Probation Officer and his former counselor from IHD and was proposed to the offender. However, the offender was arrested (on December 3, 2006), prior to finalizing the intensive outpatient referral.

I declare under a penalty of perjury that the foregoing is true and correct.

By: Kellyanne Kelly
Senior U.S. Probation Officer
Date: 09/14/07

THE COURT ORDERS:

[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons. Date of Hearing: _____.
[ ] No Action

PROB 12C - Page 4
James Calvin Jones

[ ] Other

_____
Signature of Judicial Officer

9/25/07
_____
Date